**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hostnut.Com, Inc., | ) | No.  CV 05-0094 PHX DGC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Go Daddy Software, Inc., et al., | ) ) | |
| Defendants. | ) ) | |

Third-party Defendant John La Tour has filed a Motion to Dismiss the third-party complaint.  *See* Doc. #17.  Defendants/Counter-Plaintiffs have filed a response.  *See* Doc. #23.  No reply has been filed.

La Tour argues that the third-party complaint should be dismissed because he has not entered into a contract with the third-party plaintiff and, although the third-party complaint alleges that he and Defendant Hostnut.com have so intermingled their activities as to justify a merger of identities, the facts alleged in the complaint cannot support such an allegation.

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *see Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Moreover, in determining whether a complaint adequately states a claim, it must be remembered that "[t]he federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Camco*

<mark>
<mark/>
<mark/>
</mark>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

*Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)).  "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim."  *Id.* at 249 (quotation marks omitted).  "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (citing *Conley*, 355 U.S. at 47).

When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party."  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them."  *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) (citations omitted).

The third-party complaint alleges, upon information and belief, that "La Tour has disregarded the corporate form and relationship between himself and Hostnut by, among other things, failing to adequately capitalize the company and/or impermissibly intermixing personal and corporate funds.  Moreover, La Tour has so closely intermixed his actions with those of Hostnut and the Infringing Domain Names as to justify finding of a merger of identities."  *See* Doc. #10 at 5, ¶ 6.  These allegations sufficiently allege that Hostnut is an alter-ego of La Tour and that the corporate form should be disregarded for purposes of this litigation.  La Tour clearly is on notice of the nature of these claims, as demonstrated by arguments made in his motion to dismiss.  Moreover, under Rule 8 it is not necessary for a third-party plaintiff to allege detailed facts in support of its claim.

The motion to dismiss includes a number of factual exhibits designed to demonstrate that La Tour and Hostnut have not intermingled their affairs.  The Court's focus in ruling on a motion to dismiss under Rule 12(b)(6), however, is on the face of the complaint.  The Court will not, at this early stage of the litigation, consider these factual matters and convert the motion to a motion for summary judgment.  La Tour may file such a motion after sufficient discovery has been completed.

**IT IS HEREBY ORDERED** that the Motion to Dismiss (Doc. #17) is **denied**.

DATED this 19th day of October, 2005.

_____
David G. Campbell
United States District Judge