**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hostnut.Com, Inc., | ) No. CV 05-0094 PHX DGC |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Go Daddy Software, Inc., et al., | ) |
| Defendants. | ) |

Plaintiff has filed a Motion to Strike Defendants [sic] Answer and Enter Default Judgment. *See* Doc. #19. Defendants have filed an opposition, with an attached affidavit (Doc. #22), and Plaintiff has filed a reply (Doc. #24).

The motion asks the Court to strike Defendants' answer as untimely and enter a default judgment in favor of Plaintiff. Defendants oppose the motion, arguing that their answer was not untimely because counsel for Plaintiff granted Defendants an oral extension of time to respond. *See* Doc. #22. Plaintiff's counsel denies that any such oral extension was given.

Defendants' argument is supported by an affidavit of the General Counsel of Defendant Go Daddy Software, Inc. The affidavit states that she is a member of the bar of this court and that she received an oral extension of time to answer from Plaintiff's counsel. As a member of the bar of this court, the General Counsel should be familiar with LRCiv 83.7, which states that "[n]o agreement between parties or attorneys is binding, if disputed, unless it is in writing, signed by the attorney of record or by the unrepresented

party, or made orally in open court and on the record . . . ." Thus, even if an oral extension of time was granted, it is not enforceable. Defendants' answer was untimely.

Despite the untimely nature of Defendants' answer, Ninth Circuit law precludes the entry of a default judgment in this matter. The Ninth Circuit has held that "default judgments are disfavored." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 693 (9th Cir. 2001). If the Court were to grant a default, the default would be set aside if Defendants established "good cause" for their failure to file a timely response to the Complaint. *See* Fed. R. Civ. P. 55(c). The Ninth Circuit has held that good cause exists when a defendant did not engage in culpable conduct, the defendant has a meritorious defense, and reopening the case would not prejudice the plaintiff. *Faulk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also TCI*, 244 F.3d at 696. A defendant's conduct is not culpable if "the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697. The Court concludes that Defendants did not engage in culpable conduct in this case. Because it also appears that Defendants may have a meritorious defense and that denying default will not prejudice Plaintiff, the Court will deny Plaintiff's motion.

In support of the motion, Plaintiff's counsel relied on Seventh Circuit law that is directly at odds with Ninth Circuit law. In the future, Plaintiff's counsel should research and cite relevant Ninth Circuit law when making arguments to the Court.

**IT IS HEREBY ORDERED** that Plaintiffs [sic] Motion to Strike Defendants [sic] Answer and Enter Default Judgment (Doc. #19) is **denied**.

DATED this 19th day of October, 2005.

_____
David G. Campbell
United States District Judge

- 2 -