**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hostnut.Com, Inc., | No. CV 05-0094 PHX DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Go Daddy Software, Inc., et al., | |
| Defendants. | |

The parties have filed a stipulation seeking to extend certain deadlines contained in the Court's Case Management Order (Doc. #31). The stipulation states that the parties have been engaged in settlement talks and seeks an extension of the discovery deadline to July 31, 2006, and an extension of the dispositive motion deadline to September 29, 2006. Doc. #38.

The Case Management Order set a discovery deadline of March 31, 2006 and a dispositive motion deadline of April 28, 2006. The order also contained this paragraph:

> <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

Doc. #38, ¶10.

The parties state in their stipulation that they "agreed in writing" to extend the deadline for fact discovery through the end of April, but they seem to forget that the Court, not the parties, sets the schedule. Rule 16 provides that a court shall enter a scheduling order governing the case and that the "schedule shall not be modified except upon a showing

of good cause[.]" Fed. R. Civ. P. 16(b). The Ninth Circuit has made clear that "[t]he scheduling order 'controls the subsequent course of the action' unless modified by the court." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(e)). "Good cause to extend a deadline exists when the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.).

The Case Management Order was entered six months ago and adopted a schedule proposed by the parties. The docket suggests that little or no discovery has occurred since then. Although the parties assert that they have been engaged in settlement talks, the parties made no effort to apprize the Court of any delay caused by their settlement efforts or to seek an extension of the Court's deadlines.[1] The discovery deadline passed without a motion to extend or a showing of good cause. The Court cannot conclude that the deadline could not reasonably have been met through diligence. The Court will not extend the discovery deadline.

"In these days of heavy case loads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "The parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders . . . ." *Id.*

The Court's deadline for filing dispositive motions is now only days away. To afford time for the parties to file such motions, the Court will extend the deadline to **May 12, 2006**. The Court will not be inclined to grant additional extensions.

---

[1] On November 7, 2005, the parties filed a report regarding settlement discussions (Doc. #33), but the report said nothing about the need to postpone discovery or extend any deadlines. Indeed, the parties stated that any assistance from the Court in settlement issues would be premature.

- 2 -

1  **IT IS ORDERED** that the parties' stipulation to extend certain deadlines (Doc. #38) is **denied**, except that the deadline for dispositive motions is extended to **May 12, 2006**.

DATED this 19th day of April, 2006.

*David G. Campbell*
—————————————————————
David G. Campbell
United States District Judge