**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hostnut.Com, Inc., | ) No. CV 05-0094 PHX DGC |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Go Daddy Software, Inc., et al., | ) |
| Defendants. | ) |

The Court held a final conference on December 21, 2006. The parties provided the Court with the chart requested in the Court's order dated November 3, 2006. Dkt. #71. The purpose of the chart is to enable the Court to rule on whether specific exhibits identified by Hostnut and Mr. LaTour will be excluded under the Court's previous ruling excluding documents (Dkt. #45). Having reviewed the chart and related documents, the Court enters the following order with respect to each of the 19 exhibits identified by Hostnut and Mr. LaTour. The Court will then address other matters raised during the final conference.

**A.   Excluded Exhibits.**

1.   Exhibit 1 will not be excluded. Although it was called for by Go Daddy's Request for Production ("RFP") 16, it was previously disclosed to Go Daddy *in this litigation* by Hostnut and LaTour. Dkt. #17, Att. 3. The Court's previous order excluded documents that had allegedly been provided to Go Daddy by LaTour and Hostnut in separate litigation. Dkt. #45. The Court concluded that disclosure in separate litigation did not satisfy the requirements of Rule 34 in this litigation. Although disclosures in other pleadings in this

1  case do not strictly satisfy the requirements of Rule 34 either, a failure to respond to Rule 34
2  document production requests may serve as a basis for exclusion only if "just." Fed. R. Civ.
3  P. 37(d). The Court cannot conclude that it would be just to prevent Hostnut and LaTour
4  from using documents that were plainly disclosed to Go Daddy in this case on August 22,
5  2005, some two-and-one-half months before Go Daddy's RFP.[1]

6      2. Exhibit 2 will be excluded. This exhibit, which constitutes minutes of the
7  Hostnut Board of Directors, concerns a number of subjects requested in the RFPs including
8  corporate structure, ownership interests in Hostnut, officers and directors of Hostnut, past or
9  present employees of Hostnut, and business plans and strategies of Hostnut. The minutes
10 thus were called for by RFPs 15, 16, 17, and 18 served on Hostnut and LaTour.

11     3. Exhibit 3 will be excluded. This exhibit, which consists of shareholder
12 minutes, pertains to ownership interests in Hostnut, including the names of shareholders, and
13 therefore was called for by RFP 17 served on Hostnut and LaTour.

14     4. Exhibit 4 will excluded in part and permitted in part. Some of the documents
15 contained in Exhibit 4 were previously disclosed in this litigation. Dkt. #17, Att. 6-7.
16 Documents so disclosed may be used at trial. Hostnut and LaTour will be precluded from
17 using the remaining documents in Exhibit 4 because they clearly were called for by RFP 16
18 served on Hostnut and LaTour.

19     5. Exhibit 5 will be excluded. It was clearly called for by RFP 16 served on
20 Hostnut and LaTour.

21     6. Exhibit 6 will be excluded. This exhibit contains documents pertaining to the
22 corporate structure and capitalization of Hostnut and was called for by RFP 16 served on
23 both Hostnut and LaTour.

24     7. Exhibit 7 will be excluded. This stock certificate concerns the corporate
25 structure, ownership, and shareholders of Hostnut and therefore was clearly called for by

---

[1] A ruling that exhibits will not be excluded does not mean that they are admissible at trial. It merely means that they will not be excluded under the Court's previous order (Dkt. #45). Parties may still make evidentiary objections during trial.

1  RFPs 16 and 17 served on Hostnut and LaTour.

2      8.    Exhibit 8 will be excluded. It consists of a series of notes and therefore clearly
3  was called for by the RFP 16 served on Hostnut and LaTour. Hostnut and LaTour contend
4  that Exhibit 8 was previously disclosed at Dkt. #17, Exhibit B, but this document constitutes
5  a different note with a different date than those contained in Exhibit 8.

6      9.    Exhibit 9 will not be excluded. It was not called for by any RFP.

7      10.    Exhibit 10 will not be excluded. The first portion of Exhibit 10 constitutes a
8  reseller agreement between Go Daddy and Sprint Tax, Inc. The second portion concerns a
9  generic Go Daddy reseller agreement. The RFPs did not call for such documents.

10      11.    Exhibit 11 will be excluded. Exhibit 11 reflects communications between John
11  LaTour and agents of Go Daddy. RFP 7 served on Hostnut and LaTour called for all
12  communications between Hostnut and Go Daddy or their agents. Mr. LaTour was an agent
13  of Hostnut.

14      12.    Exhibit 12 will not be excluded. It was not called for by any RFP.

15      13.    Exhibit 13 will be excluded. It clearly was called for by RFPs 3 and 7 served
16  on Hostnut and LaTour.

17      14.    Exhibit 14 will not be excluded. The last page of Exhibit 14 was attached to
18  the initial complaint and thus was previously disclosed to Go Daddy in this litigation.
19  Dkt. #1, Ex. 2. The first two pages of Exhibit 14 represent generic Go Daddy material.
20  These pages do not constitute documents specifically or uniquely related to Hostnut's
21  agreement with Go Daddy and therefore were not clearly called for by the RFPs.

22      15.    Exhibit 15 will not be excluded. This exhibit was not called for by the RFPs.

23      16.    Exhibit 16 will not be excluded. Like the first two pages of Exhibit 14, this
24  document is a generic Go Daddy communication, not a document specific to the Hostnut
25  agreement with Go Daddy.

26      17.    Exhibit 17 will be excluded. This document clearly was called for by RFP 11
27  served on Hostnut and LaTour.

28      18.    Exhibit 18 will not be excluded. Like Exhibits 14 and 16, it contains generic

1  Go Daddy information, not information specific to Hostnut's agreement with Go Daddy.

2      19.    Exhibit 19 will not be excluded.  It was not called for by the RFPs.

3  **B.**    **Go Daddy's Argument Regarding Witness Testimony**.

4      At the final conference, Go Daddy suggested that witnesses for Hostnut and Mr.
5  LaTour should not be permitted to testify about subjects addressed in documents excluded
6  under the Court's previous order (Dkt. #45).  Go Daddy argued that such testimony would
7  constitute an end-run around the Court's exclusion order and that permitting it would be
8  unfair to Go Daddy because Hostnut and LaTour never produced the documents necessary
9  for effective cross-examination.

10      Although the Court sees some merit in Go Daddy's arguments, the Court cannot
11  conclude that the witness testimony should be excluded.  Go Daddy had a full opportunity
12  to depose any witnesses with knowledge in this case and the discovery tools to identify such
13  witnesses.  Although Go Daddy now contends that it was waiting for the production of
14  documents before conducting such depositions, Go Daddy should have sought the Court's
15  assistance if the production of documents was needed before depositions could occur.
16  Alternatively, Go Daddy timely should have sought an extension of the discovery period to
17  permit such depositions after document production.  Having done neither, Go Daddy cannot
18  now exclude testimony that could have been explored during depositions.

19      Moreover, as the Court noted at the final conference, this is a matter that should have
20  been raised by Go Daddy in a motion in limine, not during the final conference on the eve
21  of trial.  The issue is not new.  The Court's order excluding documents specifically advised
22  the parties that "[t]he Court has not . . . excluded evidence which Hostnut or Defendants
23  either disclosed in discovery or were not obligated to disclose."  Dkt. #45.  This certainly
24  includes information Go Daddy could have obtained through depositions but did not.

25  **C.**    **Other Orders**.

26      For reasons stated on the record at the final conference, the Court denied Go Daddy's
27  request to add an exhibit to this case (Dkt. #76) and Mr. LaTour's Motion for Rule 11
28  Sanctions (Dkt. #81).

**IT IS ORDERED:**

1. Go Daddy's Application to Add Newly-Issued Trademark Registration to Trial Exhibit List (Dkt. #76) is **denied**.

2. Mr. LaTour's Rule 11 Motion for Sanctions (Dkt. #81) is **denied**.

DATED this 21st day of December, 2006.

David G. Campbell
United States District Judge